Overton, J.
sitting alone. It certainly would have been most regular, for the secretary himself to have countersigned the grant, but on that account it cannot be invalid. It would seem that the registration of the grant in the secretary’s office, is not essential to its existence. The owner must shew that he had done all the law required of him. It was the business of the secretary to register, before delivering to the owner, 1777. c. 1. s. 11. (1)
This grant was delivered to Outlaw, its owner, certified upon the back, to have been registered, and is it now to be declared invalid, in the hands of a third person, because it cannot be found on record in the secretaries office of North Carolina? It is known to every one, that during the time of the late secretary of North Carolina, great irregularities prevailed in that office, and the recording of the *222 grant there might have been omitted. The true question here, is, did the state of North Carolina execute the grant. It is obvious they did, for the court can judicially know the seal of that state.
The objection that the grant is certified to have been recorded by the private secretary, cannot prevail, it being the usual form.
The certificate of the secretary of North Carolina, ought not to be received in evidence. The business of the keeper of records, is to give copies, and to certify the official order of papers, from which officially facts are inferred. The general scope and substance of the certificate might more properly furnish matter for a deposition, than a certificate. As a certificate it cannot go to the jury.

 Campbell's lessee vs. Irvin, Federal Ct. West Ten.